IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DIANE T.,                              §
                                       §
         Plaintiff,                    §
                                       §
V.                                     §     No. 3:17-cv-1738-BN
                                       §
NANCY A. BERRYHILL,                    §
Acting Commissioner of Social Security,§
                                       §
         Defendant.                    §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Diane T. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

**Background**

Plaintiff alleges that she is disabled due to chronic pain in her back and groin, chronic headaches, pre-diabetes, asthma/asbestosis, high blood pressure, arthritis in her neck and back, weakness and tingling in her hands and fingers, neuropathy down her left leg, left hip bursitis, and memory/concentration problems. After her application for disability insurance was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on February 8, 2016. *See* Dkt. No. 15-20 at 48 (Tr. at 2098) - Dkt. No. 15-21 at 65 (Tr. at 2165). At the time of the hearing, Plaintiff was 56 years old. She is a high school graduate, attended college for two years, and has past work experience as a inventory control clerk, human resources clerk, and shipping clerk. Plaintiff did not engage in

substantial gainful activity between the alleged onset date of June 1, 2001 through the date last insured of December 31, 2006.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See* Dkt. No. 15-11 at 4-21 (Tr. at 1604-21). Although the medical evidence established that Plaintiff suffered from polymyositis, degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, borderline diabetes mellitus, a history of bilateral carpal tunnel syndrome, asthma/asbestosis, headaches, fibromyalgia, rotator cuff injury, obesity, and depression, the ALJ concluded that the severity of that those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that, through the date last insured, Plaintiff had the residual functional capacity to perform her past relevant work as a human resources clerk.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on four general grounds: (1) the ALJ failed to weigh the opinions of her treating and examining physicians concerning her mental impairments; (2) the ALJ failed to discuss the Section 404.1527(c) factors when declining to give controlling weight to treating physician opinions; (3) the ALJ's residual functional capacity assessment is not supported by substantial evidence; and (4) the ALJ failed to consider new and material evidence.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive

and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show

that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments that Plaintiff makes is a single ground that compels remand – the ALJ erred in assigning the opinions of treating physicians Dr. Marcia Genta, Dr. Richard Ahn, and Dr. William Hwang "little weight" without conducting the detailed analysis required by Section 404.1527(c).[1]

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan*, 38 F.3d at 237. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Martinez*, 64 F.3d at 175-76 (citing 20 C.F.R. § 404.1527(c)(2)). And "[t]he opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

But "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion" and when good cause is shown. *Id*. at 455. An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

20 C.F.R. § 404.1527(c)(2) requires the ALJ to consider specific factors "to assess the weight to be given to the opinion of a treating physician when the ALJ determines that the opinion is not entitled to 'controlling weight.'" *Id.* at 455-456 (internal quotations omitted). Specifically, the ALJ must consider: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *Id.* at 455; 20 C.F.R. § 404.1527(c)(2).

But, in decisions construing *Newton v. Apfel*, the United States Court of Appeals for the Fifth Circuit has explained that "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 Fed. App'x 461, 467 (5th Cir. 2009). Therefore, where there are competing opinions of examining physicians, the ALJ need not necessarily set forth his analysis of the Section 404.1527(c) factors when declining to give controlling weight to a treating physician. *See id.* at 466-67.

Dr. Genta completed an Arthritis Residual Functional Capacity Questionnaire on October 5, 2009. *See* Dkt. No. 14-15 at 5-7 (Tr. at 704-06). Dr. Genta opined that Plaintiff could sit, stand, or walk less than two hours in an eight-hour workday with

the option to sit or stand at will and take unscheduled breaks every thirty minutes. Dr. Genta also opined that Plaintiff could never lift or carry even ten pounds or twist, stoop, crouch, or climb. The ALJ found Dr. Genta's opinion to be of limited probative value. The ALJ noted that, although Dr. Genta had treated Plaintiff prior to the date last insured, Plaintiff did not submit any evidence of that treatment until 2008 – nearly two years after the date last insured. *See* Dkt. No. 15-11 at 18 (Tr. at 1618); *see also* Dkt. No. 15-7 at 36 - Dkt. No. 15-8 at 10 (Tr. at 1436-1454). And the ALJ explained that, because Dr. Genta's opinion was based on an examination made nearly two years after the date last insured, her opinion was of limited probative value regarding Plaintiff's physical abilities two years earlier and any suggestions that limitations existed earlier would be speculative at best.

Dr. Ahn completed a questionnaire on October 1, 2009. *See* Dkt. No. 14-15 at 9-11 (Tr. at 708-10). Dr. Ahn opined that Plaintiff would need to frequently change positions and to elevate her legs during an eight-hour work day; could not lift or carry any amount of weight; had limitations with simple grasping, pushing, pulling, and fine manipulations; could never bend, squat, climb, reach up. or kneel; would need frequent rest periods throughout the day; and will miss four or more days of work due to exacerbations of pain. *See id.* The ALJ gave Dr. Ahn's opinion little weight because Dr. Ahn's opinion and medical records were submitted after the date last insured without any definitive medical support documenting that these limitations would have existed during the relevant time period. *See* Dkt. No. 15-11 at 19 (Tr. at 1619).

Dr. Hwang made several statements in his medical records regarding the degree of Plaintiff's work-related limitations. In 2006, Dr. Hwang stated that Plaintiff "can at best walk for about a block or two and has to rest" and had significant fatigability. *See* Dkt. No. 14-13 at 7 (Tr. at 607). At other times, he reported significant weakness, adding that "patient cannot even lift up her arms above the shoulder," "cannot even walk for more than a block," and "requires a lot of help at home for house chores." *See id.* at 9, 16, 17 (Tr. at 609, 616, 617). Dr. Hwang also considered Plaintiff "disabled from her current and previous jobs" and "a good candidate for permanent disability due to her muscle inflammatory disease with myositis." *Id.* at 20 (Tr. at 620). The ALJ gave little weight to Dr. Hwang's opinions because "such generic and conclusory statements cannot be entitled to controlling weight" and "such a statement does not provide an opportunity to compare proposed functional limitations with the clinical findings of a treating physician. *See* Dkt. No. 15-11 at 19 (Tr. at 1619).

Plaintiff argues that the ALJ was required to consider the Section 404.1527 factors because he provided no reference to any specific examining physician evidence that supports denying the treating source opinion of Dr. Marcia Genta, Dr. Richard Ahn, and Dr. William Hwang "controlling weight." *See Sowards v. Colvin*, No. 3:13-cv-4916-BN, 2014 WL 6388428 (N.D. Tex. Nov. 17, 2014).

The Commissioner argues that the ALJ was not required to consider the Section 404.1527 factors because the ALJ also considered the medical records of examining physician Dr. Ronnie Shade and treating physicians Dr. Miguel Banta and Dr. Jeffrey

Wasserman, *see id.* at 15,16 (Tr. at 1615-16). But this is not a case in which ALJ rejected the sole relevant medical opinion before it or in which there are competing opinions of treating and examining physicians.

Instead, in this case, the referenced examination notes of Dr. Shade, Dr. Banta, and Dr. Wasserman do not constitute "competing medical opinions" that would excuse the ALJ from conducting the detailed analysis that Section 404.1527(c) requires. Those doctors did not "explain how [Plaintiff's medical conditions] affected [her] work-related limitations." *Wilkerson v. Berryhill*, No. 3:16-cv-851-BN, 2017 WL 1091601, at \*3 (N.D. Tex. March 23, 2017) (internal quotation and citation omitted); *see also Kneeland v. Berryhill*, 850 F.3d 749, 759 (5th Cir. 2017) ("Dr. Bernauer's opinion meets [the] definition [of a medical opinion] as he examined Kneeland, noted observations from that examination, and opined on her work limitation").

As such, Dr. Shade's, Dr. Banta's, and Dr. Wasserman's notes "cannot be said to have provided a competing opinion." *Wilkerson*, 2017 WL 1091601, at \*3. "'[M]edical notes that do not give an opinion on [Plaintiff's] physical limitations in the workplace or what activities he would be able to perform do not controvert the opinion of [Plaintiff's] treating physician.'" *Id.* (quoting *Anderson v. Colvin*, No. 3:15-cv-781-BN, 2016 WL 299019, at \*6 (N.D. Tex. Jan. 25, 2016) (citing *Jackson v. Astrue*, No. 4:10-cv-150-Y, 2011 WL 816850, at \*9 (N.D. Tex. Feb. 15, 2011))).

Accordingly, the ALJ was required to conduct the detailed analysis Section 404.1527(c) requires before rejecting the opinions of Dr. Marcia Genta, Dr. Richard Ahn, and Dr. William Hwang.

"[F]ailure to adhere to the procedures proscribed by the Social Security regulations is generally sufficient grounds for reversal and remand of an administrative decision." *Alejandro v. Barnhart*, 291 F. Supp. 2d 497, 515 (S.D. Tex. 2003) (citing *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987)). But a failure does not necessarily dictate a remand for further review. The Court will affirm a decision if the ALJ's error is harmless and remand if the plaintiff was not prejudiced due to the error. See id. A plaintiff establishes prejudice by showing that the ALJ could have reached a different outcome but for the error in question. Newton, 209 F.3d at 458.

Here, the ALJ failed to properly consider Dr. Genta's, Dr. Ahn's, and Dr. Hwang's opinions, which found disabling work-related limitations. As a result, the error is not harmless because, if the ALJ had given more weight to those opinions, he may have found Plaintiff disabled.

## Conclusion

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: September 28, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE